IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KUNITA SHELBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:18-cv-00611 |
| ) | Judge Campbell/Frensley |
| PEOPLEREADY, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

In this action brought under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, Kunita Shelby alleges that her former employer, PeopleReady, Inc., violated her civil rights by terminating her employment and retaliating against her. Docket No. 1, p. 1-3. The matter is now before the Court upon a Motion to Dismiss filed by PeopleReady. Docket No. 11. PeopleReady has also filed a Supporting Memorandum of Law. Docket No. 12. Ms. Shelby has filed a document that the Court will construe as a Response. Docket No. 15. PeopleReady has filed a document styled as a "Supplemental Memorandum in Further Support of its Motion to Dismiss Plaintiff's Complaint" that the Court will construe as a Reply. Docket No. 16. Ms. Shelby filed a further document that the Court is not able to construe as a proper filing related to this Motion, and will therefore disregard. Docket No. 17. For the reasons set forth below, the undersigned recommends that PeopleReady's Motion be GRANTED.

## II. LAW AND ANALYSIS

### A. Motions to Dismiss Under Fed. R. Civ. P. 12(b)(4) and 12(b)(5)

Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure list two of the defenses that may be asserted in a motion: insufficient process – 12(b)(4), and insufficient service of process – 12(b)(5). "Courts generally treat Rule 12(b)(4) and (5) as more or less interchangeable." Moore's Federal Practice, § 12.33(1) (Matthew Bender 3d Ed.) Rule 12(b)(4) challenges the *form* of process, whereas Rule 12(b)(5) challenges the *method* of serving process. *Id.* "[T]he requirement of proper service of process is not some mindless technicality." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (internal quotation marks and citation omitted). "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012). *Citing Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S. Ct. 1322 (1999). "Whether a defendant had notice of the legal action, despite lack of personal service, is immaterial." *Pendleton v. Williams*, No. 3:12-cv-00376, 2013 U.S. Dist. LEXIS 81430 at *5, 2013 WL 2546684 (M.D. Tenn. June 10, 2013), *quoting Harris v. City of Cleveland*, 7 F. App'x 452, 456 (6th Cir. 2001) (internal quotation marks and citation omitted).

Rule 4 governs the summons to defendants, and provides that "[a] summons must be served with a copy of the complaint" within 90 days after the complaint is filed. Fed. R. Civ. P 4(c), 4(m). "But if the plaintiff shows good cause for the failure [to serve within 90 days of filing the complaint], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Rule 4(m) therefore directs a two-part analysis. First, if the plaintiff has shown good cause for failure to serve in a timely manner, then "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *Friedman*, 929 F.2d at 1156. Next, if the plaintiff has

2

not shown good cause, "the Court must either (1) dismiss the action without prejudice, or (2) direct that service be effected within a specified time." *Overbay v. Israel*, No. 2:16-CV-00337-TAV, 2017 U.S. Dist. LEXIS 56968 at *5 (E.D. Tenn. Mar. 24, 2017), *citing Collett v. Kennedy, Kootnz & Farinash*, No. 3:14-CV-552, 2015 U.S. Dist. LEXIS 157458 (E.D. Tenn. Aug. 14, 2015); *Henderson v. United States*, 517 U.S. 654, 663, 116 S. Ct. 1638 (1996) ("[C]ourts have been accorded discretion to enlarge the service of time period 'even if there is no good cause shown'").

"When a plaintiff is granted leave to proceed *in forma pauperis*, the officers of the court shall issue and serve all process, and perform all duties in such cases." *Pendleton*, 2013 U.S. Dist. LEXIS 81430 at *3, *quoting Abel v. Harp*, 122 F. App'x 248, 251 (6th Cir. 2005) (internal quotation marks and alterations omitted). "Any failure by the court officials to effect service of process constitutes a showing of good cause under Fed. R. Civ. P. 4." *Id.* (internal quotation marks and citations omitted); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204-05 (10th Cir. 2003) ( *in forma pauperis* plaintiffs were not culpable for failure to timely serve when there was no evidence that they failed to cooperate with the Marshals Service). Nevertheless, at a minimum, a plaintiff should "request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Abel*, 122 F. App'x at 252.

## B. Process and Service of Process in This Case

Ms. Shelby filed her Complaint on July 5, 2018. Docket No. 1. Later that same month, she applied for and was granted leave to proceed *in forma pauperis*. Docket Nos. 6, 7. The summons was issued as to PeopleReady and forwarded to the United States Marshal Service ("USM") for service of process on July 27, 2018. Docket No. 8. The Court was later notified that it would be necessary for PeopleReady to be served personally by the USM in the state of Washington; therefore, the Court directed the USM to attempt personal service of process on

3

PeopleReady at its address in Tacoma, Washington.  Docket No. 9.  Another summons was issued and forwarded to the USM on December 11, 2018.  Docket No. 10.  The summons was returned executed on February 27, 2019, indicating that PeopleReady had been served on February 7, 2019.  Docket No. 13.  It appears that PeopleReady was served with the first summons that the Court issued on July 27, 2018.  *Id.* at 2.

PeopleReady objects to both the content and the method of the service in this matter, arguing that Rule 12(b)(4) and 12(b)(5) have both been violated.  Docket No. 12, p. 5-7.  While PeopleReady acknowledges that it has received the Complaint and the original Summons, it contends that service is not proper unless it is served with "**both** an unexpired summons and the complaint."  *Id.* at 6, emphasis in original.  Further, PeopleReady asserts that it was not served within the 90 day time period set forth in Rule 4(c) and (m).  *Id.*

While PeopleReady does appear to have been served with the summons that issued on July 27, 2018, rather than the one issued later on December 11, 2018, the two documents are otherwise entirely identical.  *Compare* Docket No. 10, p. 2; Docket No. 13, p. 2.  Further, PeopleReady does not point the Court to any authority for its proposition that the content of service is invalid if the Summons was issued some time before service is finally effected.  The case that PeopleReady cites, *Collins v. Waste Mgmt.*, simply states that "[b]oth federal law and Tennessee law require a summons to be served along with a copy of the complaint."  *Id.*, *quoting Collins v. Waste Mgmt.*, No. 17-2704-SHL-dkv, 2017 U.S. Dist. LEXIS 215320, 2017 WL 6947871, at *2 (W.D. Tenn. Dec. 22, 2017).  PeopleReady has, by its own admission, received a summons and the Complaint.  *Id.* at 6.  Additionally, PeopleReady does not provide any evidence that the delay in service was due to any fault on the part of Ms. Shelby.  Rather, the USM, whose responsibility it is to effect

4

service in this *in forma pauperis* matter, required additional time to ascertain and effect the proper procedure for service in the state of Washington.

In her response, Ms. Shelby addresses the issue as follows: "As far as the summons expiring please contact US Marshalls [*sic*]. I turned in all of my documents in a timely manner." Docket No. 15, p. 2. The Court finds that Ms. Shelby has shown good cause for her untimely service; namely, that the UMC did not complete service until February of 2019. Even if good cause were not shown, bearing in mind this Circuit's preference for adjudicating cases on their merits as well as the civil rights violation alleged, the Court would be inclined to recommend the exercise of discretion to allow the untimely service in this matter, where Ms. Shelby is proceeding *in forma pauperis*. The Court will therefore turn to the merits of PeopleReady's Motion to Dismiss under Rule 12(b)(6).

**C. Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6)**

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The Supreme Court has clarified the *Twombly* standard, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts "'merely consistent with' defendant's liability . . . 'stops short of the line between possibility and plausibility' of 'entitlement to relief.'" *Id.*, *quoting Twombly*, 550 U.S. at 557 (internal brackets omitted).

When ruling on a defendant's motion to dismiss, the court must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). The court should allow "a well-pleaded complaint [to] proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556. However, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* at 555. "'[A] legal conclusion couched as a factual allegation' need not be accepted as true on a motion to dismiss," *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citation omitted), and mere recitation of the elements of a cause of action "or an "unadorned, the-defendant-unlawfully-harmed-me accusation" will not do, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. While the court must accept "as true all non-conclusory allegations in the complaint," *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009), it does not have to accept unsupported legal conclusions, *Iqbal*, 556 U.S. at 678.

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks and citation omitted). Pro se litigants, however, are not exempt from the requirements of Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989). The Court is not required to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life. Ins. Co.*, 518 F. 2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's

claim for her"). To demand otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F. 2d 1274, 1278 (4th Cir. 1985).

### D. Ms. Shelby's Title VII Claims

Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits discrimination by employers against individuals based on race, color, sex, religion, or national origin. 42 U.S.C. § 2000(e)-2(a)(1). A plaintiff may establish a discrimination claim by introducing direct evidence of discrimination or by "proving circumstantial evidence which would support an inference of discrimination." *Johnson v. Univ. of Cincinnati*, 215 F. 3d 561, 572 (6th Cir. 2000). In order to establish a prima facie case of discrimination under the circumstantial evidence approach, a plaintiff must show:

> 1) he is a member of a protected class; 2) he was qualified for his job and performed it satisfactorily; 3) despite his qualifications and performance, he suffered an adverse employment action; and 4) that he was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside his protected class.

*Id.* at 572-73.

Ms. Shelby alleges that PeopleReady unlawfully discriminated against her on the basis of her race with regard to her employment. Docket No. 1, p. 2. Her narrative of the circumstances in which she faced discrimination states as follows:

> I asked about my stolen money, they acted like I wasn't a person[.] I took it upon myself to hold up a sign, to see who all else [*sic*] money was stolen. I was fired without my knowledge[,] the office lied and called cops on me. The Assistant Manage[r] then called me a Black you know what. I had finance problems and had to move

7

> back with family. I filed for unemployment benefits, the managers tried to stop me from receiving benefits. I said wait a minute[,] they are still retailiating [*sic*] against me because I contact[ed] Dept[.] of Labor Standards Unit Nov[.] 3, 2017[.] [T]his is when things started happening[.] I got fired for false claims Dec[.] 05, 2017. Filed unemployment Dec[.] 27, 2017.

*Id.* at 3.

Ms. Shelby has not introduced direct evidence of discrimination. *See* Docket No. 1. The only allegation that could possibly relate to Title VII discrimination is her claim that an assistant manager called her "a Black you know what." *Id.* at 3. However, Ms. Shelby does not allege that this comment was related to her termination or that race in any way motivated the termination. *See* Docket No. 1.

Ms. Shelby's Complaint fails to make the factual allegations necessary to establish a prima facie case of discrimination by indirect evidence. Construing the Complaint liberally in Ms. Shelby's favor and accepting as true all factual allegations and permissible inferences therein, as required by the relevant caselaw, the undersigned cannot find that she has established that she was qualified for her job and performed it satisfactorily. Regarding the remaining factors, although Ms. Shelby does not specifically allege that she is a member of a protected class, her allegation that the Assistant Manager called her "a black you know what" implies that she is African American. Docket No. 1, p. 2. Ms. Shelby does allege that she suffered an adverse employment action, but does not allege that she was replaced by a person outside her protected class. *See* Docket No. 1.

Regarding Ms. Shelby's claim of retaliation, to establish a prima facie case of retaliation she must show that:

> (1) she engaged in activity protected under Title VII; (2) the defendant knew that she engaged in the protected activity; (3) the defendant subsequently took an adverse, retaliatory action against

8

>  the plaintiff, or the plaintiff was subjected to severe or pervasive
>  retaliatory harassment by a supervisor; and (4) the protected activity
>  and the adverse reaction were casually connected.

*Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 736 (6th Cir. 2006). Under Title VII, "protected activity" can either consist of "oppos[ing] any practice made an unlawful employment practice" by Title VII, or making a charge, testifying, assisting, or participating in an "investigation, proceeding, or hearing" under Title VII. 42 U.S.C. §2000e-3(a).

Here, Ms. Shelby does not allege that she engaged in protected activity. Although she states that she contacted the Tennessee Department of Labor and Workforce Development, she does not claim to have done so for the purpose of opposing a practice that is unlawful under Title VII. Docket No. 1. Instead, the crux of her complaint to the Department of Labor was that PeopleReady had stolen money from her. *Id.* at 3. Nothing in the entire Complaint indicates that she complained to any agency, or to any person, about any employment practice at PeopleReady was related to her race or that would otherwise be unlawful under Title VII. Docket No. 1. Because she did not engage in protected activity, analysis of the other three factors is unnecessary. Ms. Shelby has not alleged "enough facts to state a claim to relief that is permissible on its face." *Twombly*, 550 U.S. at 547. She has not pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III. CONCLUSION

For the foregoing reasons, the undersigned recommends that PeopleReady's Motion to Dismiss (Docket No. 11) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to

9

Case 3:18-cv-00611   Document 19   Filed 06/04/19   Page 9 of 10 PageID #: 234

this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge